FORCHT, Respondent v. NORTH AMERICAN LIFE AND CASULTY COMPANY, Appellants.

(172 N. W. 781).

(File No. 4525.   Opinion filed June 3, 1919 )

1.  **Insurance—Accident Insurance—Dynamite Explosion Causing Death—"Dynamite Maker, User, or Handler," Not Insurable— Sale by "Hardware Clerk" of Dynamite, Injury by Celebration Explosion Later, Effect Re Policy.**

Where stipulated facts showed that the insured under an accident insurance policy was a "hardware clerk," employed as a general clerk and assistant in a hardware store; the classification of insurance risks of this state making one in the occupation of a "dynamite maker, user or handler" not insurable; that on July 4 (being Sunday) some young men who were celebrating in a nearby alley went to insured's home and requested him to go to said store and sell them some dynamite; that after doing so insured accompanied said purchasers to the alley, and insured and others went inside an adjacent building to await the explosion of two sticks of said dynamite placed under a pan, several persons being between insured and the door when the explosion occurred, a piece of tin striking insured, who was in good physical condition, there being no ordinance forbidding use of dynamite within the limits of the town; **held,** that, conceding that as hardware clerk insured did handle dynamite in regular pursuit of that occupation, and that had he been injured while so doing the insurance company

would be liable on the policy; it was also liable thereunder after death of insured resulting from such injury; that by so participating in the celebration insured did not become a "user and handler" of dynamite, he having had nothing to do with handling it after it was sold, and being simply a spectator at the fire works.

2.  **Insurance—Injury Causing Death, Accident Policy—Unnecessary Exposure to Danger—Evidence Considered.**
     Held, further that insurer's contention that insured thereby voluntarily exposed himself to unnecessary danger, is untenable; insured having gone 10 feet inside said building, with other persons between him and the door when explosion occurred, he thereby took all precaution any ordinary person would reasonably have taken to avoid possibility of injury.

Appeal from Circuit Court, Hamlin County. HON. W. N. SKINNER, Judge.

Action by Hazel Forcht, against the North American Life and Casulty Company, a corporation, to recover upon a policy of accident insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Alvord C. Egleston,* and *John N. Weber,* for Appellant.

*Loucks, Hasche & Foley,* and *Ezra Adams,* for Respondent.

(2) To point two of the opinion, Appellant cited:

1 C. J. 444; 8 Words and Phrases Judicially Defined, 7149; Rommell v. National Travelers Benefit Association, |Iowa), 166 N. W. Rep. 455; Hodgson v. Dexter, 12 Fed. Cas. 283.

Respondent cited:

Civ. Code 1903, Sec. 1871; Union Mutual Accident Association v. Frohard (Ill.) 25 N. E. R., 642; Colvin v. Peabody (Mass.) 29 N. E., 59; Cornwell v. Fraternal Accident Association (N. D.), 69 N. W., 191; 40 L. R. A., 437; 66 A. S. R., 601; Section 81, I-C. J., pages 434-435; id. p. 456, of Travelers' Insurance Company v. Randolph, 24 C. C. A., 305.

McCOY, J. This action was instituted to recover on a policy of accident insurance providing, among other things, indemnity for loss of life by accidental means. The cause was submitted to the court without a jury upon a stipulated statement of facts. Judgment was rendered thereon in favor of plaintiff, and defendant appeals.

The only assignment of error that can be considered on this record is that the judgment is not sustained by the stipulated facts,

which stand in the place and in lieu of findings of fact. It appears from the stipulation: That on the 25th day of October, 1913, appellant insurance company delivered said policy to one Earl Forcht, with his wife, the respondent, therein designated as beneficiary. That the premiums on said policy were at all times paid, and on the 4th day of July, 1915, the said policy was in full force and effect. That the classification of insurance risks of the state of South Dakota makes one having the occupation of "dynamite maker, user, or handler" not insurable. That the occupation of such insured, as stated in his said policy, was that of "hardware clerk." That said insured on the 4th day of August, 1915, died from the result of personal injuries received on the 4th day of July, 1915. On and prior to the day of the accident insured was employed as a general clerk and assistant in a hardware store in the town of Hazel. On the morning of that day, which was Sunday, the hardware store was closed. Some young men were celebrating in one of the alleys of the town near said store. One of said young men went to the home of insured and requested him to go to said store and sell them some dynamite. After the sale of the dynamite the insured accompanied the persons who purchased the same to an alley back of another store where a crowd had gathered. Two sticks of dynamite was placed on the ground, connected with a time fuse, and a tin pan placed on the same, and the fuse lighted by persons other than the insured. The insured and others went inside a building to await the explosion; insured at the time of the explosion being about 10 feet inside the building nearly opposite the door, with several other persons between him and the door. When the explosion occurred, a piece of the tin pan as a result of the explosion came in through the door, striking insured at a point below the heart, penetrating his body. That at and prior to the accident insured was in good physical condition, and there was no ordinance forbidding the use of dynamite within the corporate limits of said town.

[1] Appellant contends that the policy became void on the ground that the insured engaged in the occupation of handler and user of dynamite, which was more hazardous than the occupation of hardware clerk. Appellant concedes that as a hardware clerk the insured would handle dynamite in regular pursuit of that occupation, and that, if he had been injured while so handling dyna-

mite, the appellant would be liable on the policy under the rule announced by this court in Richards v. Travelers' Ins. Co., 18 S. D. 287, 100 N. W. 428, 67 L. R. A. 175. We agree with the concession. But appellant also contends that by accompanying the persons who purchased said dynamite back to the alley where the celebration was taking place, and where the explosion occurred, the insured by that act became a user and handler of dynamite. We are of the opinion that this contention is not tenable. There is nothing in the stipulation that in the remotest degree tends to indicate or show that the insured was a party to the handling or using of the dynamite after it was sold and delivered in the store to the persons who purchased the same. Insured was simply a spectator—one of the crowd—that congregated to witness the "fireworks" on that occasion.

[2] It is also contended that insured, in violation of the terms of said policy, voluntarily exposed himself to unnecessary danger. We are also of the view that this contention is not well grounded. It is American human nature to witness such celebrations. When the insured went 10 feet inside a building, with other persons between him and the door, we are of the view that he took all the precaution that any ordinary person would reasonably have taken to avoid the possibility of injury. . We are of the opinion that the stipulated facts sustain the judgment.

The judgment and order appealed from are affirmed.